The plaintiff agreed to deliver to the defendants 1500 lbs. of pork by the 1st January, 1853, at 6 cents per pound, to be paid for in demands which defendants already held against the plaintiff, and the balance, if any, one half goods the other cash.
No pork was delivered at the time stipulated, but on 6th and 24th of January of that year, two parcels were delivered, making together 1033 lbs., which were received by the defendants and appropriated by them.
Some short time afterwards, an attempt was made to ascertain and settle the balance due, when it was admitted $18 49 was due to the plaintiff for the pork delivered after deducting all the claims which defendants held against him, except a small judgment of two or three dollars, that was out in the hands of a constable: plaintiff was willing that this should be deducted from the $18 49, and to take an order for it, and demanded a settlement of the residue, saying that he was entitled to have the balance in cash, as he had taken up sufficient goods after the bargain was made.
The defendants refused to settle unless pork was delivered to make up the 1500 lbs., whereupon the plaintiff brought suit. *Page 455 
It appeared that the judgment for two or three dollars was afterwards paid off by the plaintiff.
His Honor instructed the jury that if the obstacle to the settlement was the demand for full 1500 lbs. of pork, made as stated above, the plaintiff was entitled to recover his $18 49 (admitted to be due) in cash. Defendants excepted.
Verdict for plaintiff and judgment.
The defendants appealed to the Supreme Court.
For the reasons given and upon the authorities cited, in the case ofWhite v. Brown, ante 403, decided at the present term, the plaintiff cannot recover. He made a contract to sell and deliver to the defendants a certain quantity of pork for which he was to be paid in a particular manner. After performing part of his contract, he refused to perform the residue against the consent of the defendants and without any default on their part. The judgment must be set aside and a new trial granted.
PER CURIAM. Judgment reversed.